IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00516-SOM-01 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT JESSE |
| | ) | MINOAKA KANESHIRO'S MOTION |
| | ) | FOR COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| JESSE MINOAKA KANESHIRO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT JESSE MINOAKA KANESHIRO'S
MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 2017, Defendant Jesse Minoaka Kaneshiro entered a guilty plea to two counts involving the possession of methamphetamine with the intent to distribute.  In 2019, this court sentenced Kaneshiro to 268 months in prison.  He has served approximately 56 months of that sentence.  He is incarcerated at FCI Mendota, and the Bureau of Prisons says his anticipated release date is August 20, 2035.

Kaneshiro now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The primary basis for his motion is the COVID-19 pandemic.  Kaneshiro contends that several underlying medical conditions make him vulnerable to complications if he contracts COVID-19.  After considering Kaneshiro's medical condition, the time remaining on his sentence, and his history, this court concludes that Kaneshiro has not demonstrated that

extraordinary and compelling circumstances warrant a reduction in his sentence.

**II.        ANALYSIS.**

Kaneshiro's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with

the Sentencing Commission's policy statements.  *United States v.*
*Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A.   Kaneshiro has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

Kaneshiro submitted an administrative compassionate
release request to the warden of his prison on December 22, 2020,
more than 30 days before he filed this motion.  ECF No. 190-1,
PageID # 1260.  The Government has not contested Kaneshiro's
satisfaction of the exhaustion requirement.  Accordingly, this
court finds that Kaneshiro has fulfilled the first requirement of
§ 3582(c)(1)(A).

### B.   This court has discretion in determining whether extraordinary and compelling reasons justify a reduced sentence.

This court turns to § 3582(c)(1)(A)'s second
requirement: whether extraordinary and compelling reasons warrant
a sentence reduction.  In orders addressing compassionate release
motions in other cases, this court has expressly recognized that
it possesses considerable discretion in determining whether a
particular defendant has established the existence of
extraordinary and compelling reasons that justify early release.
This court has also stated that, in reading § 3582(c)(1)(A) as
providing for considerable judicial discretion, the court is well
aware of the absence of an amended policy statement from the
Sentencing Commission reflecting the discretion given to courts
when Congress amended the statute to allow inmates themselves to

3

file compassionate release motions.  *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments.  *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue)*.*

   C.   **Kaneshiro has not demonstrated that extraordinary and compelling circumstances justify his early release, or that the requested reduction would be consistent with Sentencing Commission policy statements.**

     Kaneshiro contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify his early release.[1]  He relies primarily on

---

[1] Kaneshiro also appears to maintain that he is entitled to early release based on one of the examples in the Sentencing

the risks he faces if he contracts COVID-19, which is present at FCI Mendota,[2] where he is housed.  While the court recognizes Kaneshiro's concerns, the COVID-19 pandemic does not justify early release at this time.

Kaneshiro does face some risks from COVID-19.  Under the CDC's guidance, Kaneshiro's morbid obesity (his BMI is just over 50) and his hypertension increase his risk of a severe illness if he contracts COVID-19.[3]  However, Kaneshiro is 46

---

Commission's policy statement.  *See* ECF No. 190, PageID # 1242-1245.  The Sentencing Commission has stated that early release may be justified if a defendant is "suffering from a serious physical or mental condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and *from which he or she is not expected to recover*."  U.S.S.G. § 1B1.13 (emphasis added).  That example addresses medical conditions that an inmate will suffer from for the rest of his or her life.  By contrast, although Kaneshiro may have to deal with hypertension and obesity for the rest of his life, the specific reason he moves for compassionate release at this point relates to the threat posed by COVID-19.  That threat will last until the current pandemic subsides, which, it is to be hoped, will not be for the rest of Kaneshiro's life.  This court therefore does not view that example as dispositive with respect to Kaneshiro's motion.  *United States v. Kaukani*, 2020 WL 6065298, at *2 n.2 (D. Haw. Oct. 14, 2020).  In any event, Kaneshiro fails to show that his hypertension or his obesity substantially diminishes his ability to provide self-care in prison.

[2]     The BOP reports that nine inmates and four staff members have tested positive for COVID-19 at FCI Mendota. www.bop.gov/coronavirus (last visited March 24, 2021).  According to the BOP, 28 inmates and 29 staff members have recovered from the virus.

[3] https://www.cdc.gov/coronavirus/2019-ncov/ need-extra-precautions/people-with-medical-conditions.html (last visited March 23, 2021).  Kaneshiro also contends that he suffers from sleep apnea, ECF No. 190, PageID # 1239-40, but sleep apena

years old; his age does not place him in the highest risk
category.  While this court certainly agrees that Kaneshiro has
legitimate concerns about contracting COVID-19, his medical
conditions, standing alone, are not an exceptional and compelling
reason that warrants a reduction in sentence.

The court also notes that Kaneshiro has attempted,
without success, to determine when he will be eligible for a
COVID-19 vaccine.  ECF No. 202, PageID # 1398.  On February 17,
2021, Kaneshiro sent a message to prison staff noting that other
inmates had gotten a vaccine, and asking if he was also eligible.
ECF No. 202-2, PageID # 1410.  He sent a second message on
February 19, 2021.  *Id.* at 1411.  It appears that, more than a
month later, he still has not received a response.

The court understands Kaneshiro's frustration.  In
light of his preexisting health conditions, prison doctors should
respond promptly to Kaneshiro.  On the other hand, the
vaccination process at FCI Mendota has begun, with 86 inmates
having been vaccinated.  https://www.bop.gov/coronavirus (last
visited March 24, 2021).  While prison staff's silence on this
issue is concerning, it appears that Kaneshiro may be vaccinated
at some point in the next few months.  Once he receives a
vaccine, he will become far less likely to be infected by COVID-

---

is not one of the risk factors cited by the CDC.  Kaneshiro has
not cited any scientific studies that suggest that his sleep
apnea increases his risk of a severe illness.

19 or to suffer serious complications if infected.  *See, e.g.*, Berkeley Lovelace Jr., *Pfizer Covid Vaccine Blocks 94% of Asymptomatic Infections and 97% of Symptomatic Cases in Israeli Study*, CNBC, March 11, 2021, https://www.cnbc.com/2021/03/11/pfizer-covid-vaccine-blocks-94percent-of-asymptomatic-infections-and-97percent-of-symptomatic-cases-in-israeli-study.html; Alex Knapp, *Lab Study Suggests Pfizer/BioNTech Vaccine Effective Against Variants After Second Dose*, Forbes, March 8, 2021, https://www.forbes.com/sites/alexknapp/2021/03/08/lab-study-suggests-pfizerbiontech-vaccine-effective-against-variants-after-second-dose/?sh.  The possible availability of the vaccine in the near future is therefore not something that his court can ignore in ruling on Kaneshiro's compassionate release request.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a). Several of those factors weigh against a finding that extraordinary and compelling circumstances justify Kaneshiro's early release.  Two considerations are particularly relevant. The first is the amount of time Kaneshiro has served.  Kaneshiro has been in custody since August 8, 2016, and his projected release date is August 20, 2035.  ECF No. 118, PageID # 605; ECF No. 198, PageID # 1328.  Even if credit for good behavior is taken into account, Kaneshiro has served less than a quarter of

his sentence.

       The court also considers Kaneshiro's substantial criminal history and his disciplinary record.  Kaneshiro's history includes four convictions for breaking into and/or stealing motor vehicles, two convictions involving abuse of a family member, and one conviction for attempted methamphetamine trafficking.  ECF No. 118, PageID # 613-622.  Kaneshiro's history of domestic violence is particularly concerning.  In 2007, his girlfriend reported that when she attempted to leave Kaneshiro, Kaneshiro punched her in the face and all over her body on multiple occasions, pulled her by the hair, placed his elbow on her neck, and threatened to kill her.  *Id.* at 617.  One year later, Kaneshiro violated a protective order by approaching his girlfriend while she was shopping.  He caused her to fall by grabbing her from behind, and then he ripped a gold chain that she was wearing from her neck, causing redness to her neck. *Id.* at 618.  Moreover, while in prison, Kaneshiro was disciplined for being insolent to a staff member.[4]  ECF No. 198-2, PageID # 1342.  In sum, his record is not encouraging.

       Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's

---

    [4]  Kaneshiro also was disciplined for possessing an unauthorized item.  ECF No. 198-2, PageID # 1342.  He explained, however, that the "item" was an extra pillow that makes it easier for him to breathe, and that he later got a doctor's permission to have the extra pillow.  ECF No. 202-3, PageID # 1413.

sentence.  Having considered the amount of time remaining on Kaneshiro's sentence, his history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Kaneshiro do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence.  This court reaches the same negative conclusion in examining whether the requested reduction in sentence would be consistent with applicable policy statements issued by the Sentencing Commission.

**III.      CONCLUSION.**

Kaneshiro's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, March 24, 2021



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Kaneshiro*, Cr. No. 16-00516-SOM-01; ORDER DENYING JESSE MINOAKA KANESHIRO'S MOTION FOR COMPASSIONATE RELEASE