```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CR. NO. 16-00516-SOM-01
                             )
          Plaintiff,         )    ORDER DENYING DEFENDANT JESSE
                             )    MINOAKA KANESHIRO'S THIRD
                             )    MOTION FOR COMPASSIONATE
                             )    RELEASE
     vs.                     )
                             )
JESSE MINOAKA KANESHIRO,     )
                             )
          Defendant.         )
                             )
_____)
```

**ORDER DENYING DEFENDANT JESSE MINOAKA KANESHIRO'S
THIRD MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

Defendant Jesse Minoaka Kaneshiro has filed a third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Some of the grounds he cites are similar to those rejected in previous orders, although Kaneshiro provides more detail and presents a more sympathetic situation in his latest motion. He also adds heavy reliance on what he describes as his family's need for his assistance. However, there are notable omissions in his motion. After considering Kaneshiro's medical conditions, the time remaining on his sentence, his history, and his parents' and children's circumstances, this court concludes that Kaneshiro has not demonstrated that extraordinary and compelling circumstances warrant a reduction of his sentence.

**II.      RELEVANT BACKGROUND.**

In 2019, Kaneshiro entered a guilty plea in this court to two drug charges. Kaneshiro was sentenced to concurrent terms of 268 months of imprisonment on each count, concurrent terms of 5 years of supervised release with respect to each count, and $200 in special assessments. *See* ECF Nos. 157, 159, 160.

Kaneshiro's Presentence Investigation Report ("PSR"), which the court adopted without change, indicates that he had a Total Offense Level of 35 and was in Criminal History Category VI. *See* ECF No. 118, PageID # 612 (indicating a Total Offense Level of 35 after finding Kaneshiro accountable for 2.7 kilograms of ice, adding two points for his role in the offense, and subtracting 3 points for accepting responsibility and assisting authorities in the investigation or prosecution of himself), # 620 (indicating 17 criminal history points, placing Kaneshiro in Criminal History Category VI, characterizing Kaneshiro as a career offender, and placing him in Criminal History Category VI); ECF No. 161 ("The court adopts the presentence investigation report without change.").

Kaneshiro's extensive criminal history was discussed in detail in the court's Order Denying Defendant Jesse Minoaka Kaneshiro's Second Motion for Compassionate release, which was affirmed on appeal. ECF Nos. 220, 234. That discussion is incorporated by reference. Some of Kaneshiro's convictions

2

involved violence. For example, CR08-1-0002, filed in state court, involved convictions for kidnapping, terroristic threatening, and abuse of a family member. According to Kaneshiro's PSR, on November 16, 2007, Kaneshiro's girlfriend asked a friend to drive her to meet Kaneshiro. On the way, they stopped. Kaneshiro pulled his car behind the friend's car, blocking the car from leaving. Kaneshiro then got out of the car, called his girlfriend a "fuckin' whore," struck the girlfriend in the face three or four times with a closed fist, then left. However, when the friend drove to a shopping center, Kaneshiro again pulled up next to the car and ordered his girlfriend to get into his car. Kaneshiro then told his girlfriend that he would kill her if she left him, causing her to fear for her safety. While the girlfriend was in his car, Kaneshiro punched her with a closed fist all over her body. When she tried to get out of the car, he grabbed her hair and pulled her back into the car. He then put his elbow against her neck, making it hard for her to breathe. Later, when Kaneshiro was driving the two of them around, the girlfriend jumped out of the car while it was still moving and contacted the police. On November 28, 2007, Kaneshiro went to the hotel at which his girlfriend was staying. After the girlfriend allowed Kaneshiro into the room, the two argued and Kaneshiro again hit her in the face.

In CR08-1-0257, filed in state court, Kaneshiro was convicted of robbery, abuse of a family member, and violation of a restraining order.  Kaneshiro's girlfriend had a restraining order against him, but, while she was at a market, Kaneshiro violated the restraining order by grabbing her from behind and causing her to fall to the ground.  He then grabbed and took a 14-carat gold chain she was wearing around her neck, causing her neck to become red.  *See* ECF No. 118, PageID # 618.

With a Total Offense Level of 35 and a Criminal History Category of VI, Kaneshiro had a guideline range of 292 to 365 months of imprisonment.  *See* ECF No. 118, PageID # 628; Sentencing Table, United States Sentencing Commission Guidelines Manual (2016).  Kaneshiro was sentenced to a below-guideline term of imprisonment--268 months, in recognition of his sobriety and legitimate employment.  *See* ECF No. 166, PageID #s 894, 899; ECF No. 161, PageID #s 823-24.

**A.   Circumstances of Incarceration.**

Kaneshiro is 50 and incarcerated at Mendota FCI.  He has a scheduled release date of August 20, 2035, taking anticipated good-time credit into account.  *See* https://www.bop.gov/inmateloc/ (input Register Number 09308-122) (last visited October 31, 2024).  Kaneshiro has been incarcerated for approximately 98 months.  *See* ECF No. 247, PageID # 1692 (indicating that, as of September 2020, Kaneshiro had served

4

approximately 97 months of his sentence).  This means that, looking at his 268-month sentence, he has served about 37 percent of that lengthy sentence.

      **B.**    **Kaneshiro's Medical Conditions**.

This court previously recognized that Kaneshiro is morbidly obese and that he has hypertension.  *See* ECF No. 206, PageID # 1434.  His counsel says he also has sleep apnea, high cholesterol, and Type 2 diabetes.  *See* ECF No. 247-1, PageID # 1697.  While counsel states that it is difficult to get medical care at Kaneshiro's facility, *see id.*, the record does not demonstrate that Kaneshiro's medical conditions have been untreated.  Nor does the record reflect the extent that any condition or combination of conditions affects Kaneshiro's daily life.

      **C.**    **Kaneshiro's Children**.

Kaneshiro has two minor children, J.K.K. (16) and Z.K.K-K (17).  *See* Decl. of J.K.K., ECF No. 247-2, PageID # 1699. In April 2021, Rachel Kaneshiro, Kaneshiro's mother, was appointed the children's guardian.  *See* ECF No. 247-5.  However, because of medical issues, Rachel Kaneshiro is currently in a care facility.  The children now live in Mountain View, Hawaii, with 76-year-old Larry Kaneshiro, Kaneshiro's father. Kaneshiro's father has his own medical conditions that make it difficult for him to care for the children.  *See* Decl. of Larry

5

Kaneshiro, ECF No. 247-3, PageID # 1701.  For example, when it is rainy or foggy, J.K.K., a 16-year-old junior in high school, and Z.K.K.-K do not go to school because Larry Kaneshiro cannot drive them, and the nearest bus stop is 3 miles away.  *See id.*, PageID # 1702.  According to the supplemental memorandum in support of Kaneshiro's motion, neither 16-year-old J.K.K. nor 17-year-old Z.K.K-K has a driver's license or has taken driver's education.  *See* ECF No. 247, PageID # 1689-90.  Kaneshiro's father lives off of his Social Security benefits, which means he has trouble paying all of his bills.  While the children are old enough to get driver's licenses, Kaneshiro's father says he cannot afford to take them to driver's education classes or pay more automobile insurance.  *See* ECF No. 247-3, PageID # 1702.

J.K.K. says that she and her brother would like to help with expenses, "but no one hires kids."  *See* ECF No. 247-2, PageID # 1700.  J.K.K. does not describe any efforts made towards finding employment.

**III.     ANALYSIS.**

Kaneshiro's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of

6

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, before exercising its authority under § 3582(c)(1)(A), the court must determine that a defendant has exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request.

If a defendant satisfies the exhaustion requirement, then the court may exercise its discretion only after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to the motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented whether the requested reduction in sentence is warranted.  *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

"Although a district court must conclude that a

7

defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

> **A.   Kaneshiro Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).**

On July 15, 2024, Kaneshiro submitted a request for compassionate release to the warden of his facility.  *See* ECF No. 247-4.  The Government concedes that Kaneshiro has therefore satisfied the exhaustion requirement.  *See* ECF No. 251, PageID # 1776.  Accordingly, this court finds that Kaneshiro has fulfilled the first requirement of § 3582(c)(1)(A).

> **B.   Kaneshiro Does Not Meet His Burden of Showing That His Medical Conditions Amount to an Extraordinary and Compelling Circumstance Justifying His Early Release.**

In denying Kaneshiro's second compassionate release motion, the court stated, "While this court certainly agrees that Kaneshiro has legitimate concerns about contracting COVID-19, his medical conditions, standing alone, are not an exceptional and compelling reason that warrants a reduction in sentence."  ECF No. 220, PageID # 1600.  Kaneshiro's additional medical conditions do not affect that conclusion.  The record does not reflect that his medical conditions are being inadequately treated in his prison facility.  Instead, the record reflects that Kaneshiro does have medical conditions (specifically morbid

8

obesity, hypertension, sleep apnea, high cholesterol, and Type 2 diabetes) and that it is difficult to get medical treatment at his facility.  The existence of these medical conditions, without more, is not an exceptional and compelling reason justifying compassionate release.  *See United States v. Donnarumma*, 2020 WL 4194841, at *6 (D. Haw. July 21, 2020) ("Medical conditions that can be managed in prison are not a basis for compassionate release.").

Early release based on Kaneshiro's medical conditions is not consistent with applicable policy statements articulated by the Sentencing Commission.  *See* U.S.S.G. § 1B1.13(b)(1)(B) (stating that an extraordinary and compelling circumstance includes a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover") and (C) (stating that an extraordinary and compelling circumstance includes a medical condition requiring long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death).

### C. Kaneshiro Does Not Meet His Burden of Showing That His Family Situation is an Extraordinary and Compelling Circumstance Justifying His Early Release.

Under U.S.S.G. § 1B1.13(b)(3), the applicable policy statement, "Family Circumstances" may amount to an "extraordinary and compelling reason" to reduce a sentence in the following situations:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> . . . [, and]
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

Because the record does not reflect that Kaneshiro's father is so incapacitated that he needs Kaneshiro to be his caregiver, the court focuses on the children's situation. As it turns out, the record does not reflect that Kaneshiro is the only available caregiver for either his father or the children.

Kaneshiro's mother was appointed the children's caregiver. There is no question that she is incapacitated and that she can no longer care for the children, as she is now in a care home. Kaneshiro's father has admirably stepped up to be the children's current caregiver. But money is tight, as all bills must be paid with his Social Security benefits. Additionally,

10

Kaneshiro's father suffers from medical conditions, including not being able to see well when it is rainy or foggy. Kaneshiro's children have been missing school when the father cannot drive them.

The record does not sufficiently establish extraordinary and compelling circumstances justifying Kaneshiro's early release. First, the main thrust of the motion appears to be that, when it rains or is foggy, Kaneshiro's father cannot see well enough to drive the children to and from school. But the motion does not detail what alternative transportation has been tried or considered.

Kaneshiro's PSR indicates that he has four brothers. In 2018, one brother lived in the same area as the children, and two brothers lived on the same island. *See* ECF No. 118, PageID # 622. While the PSR notes that some of the brothers were incarcerated, the PSR was prepared years ago, and it might be that a brother could now help provide transportation. Nor does Kaneshiro indicate whether neighbors might occasionally take the teenagers to the bus stop. The court wonders whether the children have asked their school or school counselor what services might be available to help them (e.g., transportation provided by the school or occasional school attendance by Zoom) or whether other students at the same school live in the area and

11

could carpool. Kaneshiro says nothing about the children's birth mother's circumstances in 2024.

Kaneshiro is asking to be released from his lengthy prison sentence early to provide transportation without sufficient discussion of alternatives. That does not demonstrate an "extraordinary and compelling reason," as "incapacitation of the family member and the unavailability of other caregivers remain critical to the analysis because it ensures that the circumstances are truly extraordinary and compelling." *United States v. Roueche*, 2021 WL 2778577, at *5 (W.D. Wash. July 2, 2021); *see also United States v. Plaketta*, 2022 WL 17363886, at *3 (S.D. Cal. Dec. 1, 2022) (determining that a defendant failed to demonstrate an extraordinary and compelling reason justifying compassionate release when the record did not establish that the defendant's wife and 18-year-old daughter were incapable of caring for the defendant's minor children or that there was "no one else available to assist them"); *United States v. Avila*, 2022 WL 3346351, at *3 (W.D. Wash. Aug. 12, 2022) (holding that an extraordinary and compelling reason was lacking when the defendant failed to establish that he was the only available caregiver).

The court is not here requiring Kaneshiro to do the impossible, only that he demonstrate the extent of the efforts to provide alternatives so that the court can determine whether

12

anyone else is available to help.  In other words, Kaneshiro has failed to demonstrate that the circumstances are truly extraordinary and compelling.

Second, Kaneshiro seeks early release because money is tight and he could potentially work as a fish cutter to earn money for the family.  Kaneshiro does not indicate that such a job is likely available near where the family lives, or that the medical conditions he cites as warranting his early release will allow him to work.  While the court is sympathetic to the financial struggles caused, in part, by Kaneshiro's incarceration, courts have held that the "need to provide financial support, without more, has not been established as a basis for compassionate release."  *Avila*, 2022 WL 3346351, at *3. Additionally, the motion fails to demonstrate what alternatives have been sought.  For example, might the brothers or any other family member be willing to contribute toward the children's driver's education and car insurance?  To the extent the motion claims that no one will hire the children, what efforts have they made to get a job?

Third, to the extent the motion is based on Kaneshiro's father's difficulty with chores, shopping, and other work around the house, the children, who are 16 and 17, are old enough to help out.

This court is unable to conclude from the present

13

record that Kaneshiro's absence now amounts to an "extraordinary and compelling reason" to release him early.  In so ruling, this court is by no means discounting the value to the children of having their father with them.  And the court encourages Kaneshiro to continue taking an active role in his children's lives.

### D. Section 3553(a) Factors.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a).  These factors were discussed in the court's order denying Kaneshiro's second compassionate release request.  *See* ECF No. 220, PageID #s 1609-11.  That discussion is incorporated here.  Kaneshiro has taken a more active role in his children's lives, has not had any recent prison discipline, and has availed himself of educational opportunities at his prison facility.  But the § 3553(a) factors still do not weigh in favor of his early release.  Kaneshiro has had so many convictions that he has been deemed a career offender.  Some of Kaneshiro's past crimes were violent.  Kaneshiro has still only served a fraction of the sentence that this court determined was appropriate to reflect the seriousness of his conduct, promote respect for the law, punish him, deter criminal conduct, and protect the public.

## IV. CONCLUSION.

Under § 3582(c)(1)(A), only extraordinary and

compelling reasons can justify a reduction in an inmate's sentence.  Having considered the amount of time remaining on Kaneshiro's sentence, his history, the information in the record about his children's and father's circumstances, and the totality of the medical information he has submitted, this court determines that the reasons raised by Kaneshiro do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence.  This court reaches the same negative conclusion with respect to whether the requested reduction in sentence is consistent with the applicable policy statements issued by the Sentencing Commission.  Moreover, on balance, the § 3553(a) factors do not support Kaneshiro's early release.  Kaneshiro's third request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is therefore denied.

It is so ordered.

DATED: Honolulu, Hawaii, October 31, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Kaneshiro*, Cr. No. 16-00516-SOM-01; ORDER DENYING JESSE MINOAKA KANESHIRO'S THIRD MOTION FOR COMPASSIONATE RELEASE